IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 14-cv-01920-MSK-BNB

JAMES RALPH DAWSON, JR,

Plaintiff,

v.

TWO UNKNOWN NURSES,

Defendants.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter is before me on the plaintiff's **Motion for Entry of Default Judgment Pursuant to Fed.R.Civ.P. 55(b)** [Doc. #16] (the "Motion"). I respectfully RECOMMEND that the Motion be DENIED.

On July 9, 2014, the plaintiff filed a Prisoner Complaint against several named defendants and "Two Unknown Nurses." On July 23, 2014, the court dismissed the named defendants. On July 30, 2014, a request for waiver of service was sent to the Colorado Department of Corrections Office of Legal Affairs. Service was not waived for the "Two Unknown Nurses" because they could not be identified from the information contained in the Complaint [Doc. #9].

On October 9, 2014, I ordered the plaintiff to identify the "Two Unknown Nurses" sufficiently to effect service upon them. In doing so, I stated:

> The plaintiff may use fictitious names, such as "Two Unknown Nurses," if he does not know the real names of the individuals against whom he is asserting claims. He must, however, provide

>     sufficient information about each defendant so that he or she can
>     be identified for purposes of service.

On October 14, 2014, the plaintiff filed his Motion seeking default judgment against defendants "Two Unknown Nurses." He contends that the defendants waived service of process on July 30, 2014, and their answer was therefore due on September 29, 2014. The Motion is unsupported by the record and is frivolous. Accordingly,

I respectfully RECOMMEND that the plaintiff's Motion for Entry of Default Judgment Pursuant to Fed.R.Civ.P. 55(b) [Doc. #16] be DENIED.[1]

Dated October 15, 2014.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

---

[1] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).