**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 14-cv-01920-MSK-NYW

JAMES RALPH DAWSON, JR.,

    Plaintiff,

v.

MEREDITH LLOYD, Nurse, and
ELOISE OLIVERAS, Nurse,

    Defendants.

---

ORDER

---

Magistrate Judge Nina Y. Wang

    This civil action comes before the court on Plaintiff James Ralph Dawson's Motion to Take Judicial Notice ("Motion"). [#37 filed February 5, 2015]. Plaintiff seeks an Order taking judicial notice that "failing to follow the Fed. R. Civ. P. on service of pleading on opposing parties is becoming a pattern of abuse by C.D.O.C. Defendants." *Id.* The matter was referred to this Magistrate Judge pursuant to the Order Referring Case dated October 7, 2014 [#11] and memorandum dated February 6, 2015 [#38].

    A court may take judicial notice of matters that are verifiable with certainty. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.,* 605 F.2d 1169, 1172 (10th Cir. 1979) (citing 9 Wigmore, Evidence, 3rd Ed., 1940, s 2571; Wright & Miller, Federal Practice and Procedure, Civil, s 2410). On a motion for summary judgment, the court may consider stipulations, concessions of counsel, transcripts, exhibits and other papers, the court's own records and files, and facts that are part of its public records. *Id.* (internal citations omitted).

No party has filed a Motion for Summary Judgment, and this court cannot verify with certainty at this stage in the proceedings that Defendants Meredith Lloyd and Eloise Oliveras ("Defendants") have engaged in *any* pattern of activity of failing to serve, much less an abusive pattern. Moreover, Plaintiff would need to first plead then prove the existence of such a pattern through the use of documentary evidence. *Cf. Buell v. Sears, Roebuck and Co.*, 321 F.2d 468 (10th Cir. 1963) ("generally, that which may be judicially noticed need not be pleaded). However, this court notes that a certificate of service is attached to Defendant Meredith Lloyd includes a certificate of service bearing the name, inmate number, and address of Plaintiff as reflected on the court docket [#40], which is taken as *prima facie* evidence of service. *See Chesson v. Jaquez*, 986 F.2d 363, 365 (10th Cir.1993); *Portley-El v. Milyard*, No. 06-cv-00146-PSF-MJW, 2006 WL 3371642, at *1 (D. Colo. Nov. 21, 2006).

As Defendants did not file a Response to Plaintiff's Motion, the court reminds Defendants that they are required to ensure that proper service is effected for all filings with the court.

IT IS ORDERED that:

(1) The Motion is DENIED; and

(2) Defendants must serve Plaintiff with all documents, including those electronically filed with the court, pursuant to Rule 5(b) of the Federal Rules of Civil Procedure.

DATED: March 9, 2015

                                                BY THE COURT:

                                                s/Nina Y. Wang
                                                United States Magistrate Judge