# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01920-MSK-NYW

JAMES RALPH DAWSON, JR.,

    Plaintiff,

v.

MEREDITH LLOYD, Nurse, and
ELOISE OLIVERAS, Nurse,

    Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Nina Y. Wang

This civil action comes before the court on Defendant Meredith Lloyd's Motion to Dismiss. [#40, filed February 13, 2015]. The matter was referred to this Magistrate Judge pursuant to the Order Referring Case dated October 7, 2014 [#11], the Order of Reassignment dated February 10, 2015 [#39], and the memorandum dated March 2, 2015 [#42]. After carefully considering the Motion and related briefing, the entire case file, and the applicable case law, I respectfully RECOMMEND that the Motion to Dismiss be GRANTED.

## BACKGROUND

Mr. Dawson, a *pro se* prisoner incarcerated at the Fremont Correctional Facility ("FCF") in Canon City, Colorado, filed this lawsuit on July 9, 2014 pursuant to 42 U.S.C. § 1983 claiming that multiple health care providers and administrators with the Colorado Department of Corrections ("CDOC") withheld certain medical care thereby violating his Eighth and Fourteenth

Amendment rights.[1]  Plaintiff seeks prospective injunctive relief in the form of a court order directing Defendants to perform a colonoscopy on him or otherwise examine his colon. [#1 at 14]. He also seeks unspecified nominal, compensatory, and punitive damages. [*Id.*]

Plaintiff also filed a motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, which was granted on July 15, 2014. [#3, #4]. That statute and the Local Rules of this District require a court to evaluate a prisoner complaint and dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); D.C.COLO.LCivR 8.1(b). On July 23, 2014, the court dismissed *sua sponte* Defendants Laron Cowley, David Tessier, and Anthony Decesaro from the action, leaving two Defendants identified in the caption only as "Two Unknown Nurses." [#5]. The court ordered Plaintiff to identify the two Defendant Nurses [#14], and Plaintiff subsequently identified Nurse 1 as Defendant Meredith Lloyd and Nurse 2 as Defendant Eloise Oliveras. [#20]. Defendant Lloyd waived service on December 1, 2014. [#25]. Defendant Oliveras was served on December 3, 2014. [#30].

Plaintiff was 59 years old in December 2013 when he was summoned to the FCF Medical Department and informed by Defendant Lloyd that he would undergo a colonoscopy the following day. [#1 at 6]. Plaintiff responded that he had not been prepared for a colonoscopy, and told Defendant Lloyd that he had blood in his stool, a family history of colon cancer, and had previously had polyps removed from his colon following a colonoscopy performed five years earlier. [*Id.*] Defendant Lloyd canceled the procedure and rescheduled it for the following week.

---

[1] The First Amendment applies to the states through the Fourteenth Amendment. *44 Liquormart, Inc. v. Rhode Island*, 517 U.S. 484, 489 n.1 (1996).

On January 6, 2014, Plaintiff met with Defendant Lloyd and Defendant Oliveras. Defendant Lloyd gave Plaintiff a half gallon of liquid laxative and Defendant Oliveras gave him four laxative pills. [#1 at 6]. Plaintiff told Defendants, based on his previous colonoscopy, that he required a full gallon of liquid laxative and six laxative pills to adequately prepare for the procedure. [*Id.*] Defendant Lloyd responded that half a gallon of liquid laxative was sufficient and Defendant Oliveras instructed Plaintiff to drink a gallon of water between 3:00 p.m. and 9:00 p.m. that evening, which he did. [*Id.* at 7]. Plaintiff was transported to a hospital in Pueblo, Colorado the following morning. The attending physician attempted to perform the procedure but was unsuccessful because Plaintiff had not been properly prepared. [#1 at 7].

On January 8, 2015, Defendant Oliveras filed an Answer to the Complaint. [#32]. Defendant Lloyd filed the instant Motion to Dismiss on February 13, 2015. [#40]. Plaintiff filed a Response on March 23, 2015 [#46], and Defendant Lloyd filed a Reply on March 30, 2015. [#48].

## STANDARD OF REVIEW

**A.    Fed. R. Civ. P. 12(b)(1)**

Federal courts, as courts of limited jurisdiction, must have a statutory basis for their jurisdiction. *See Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994) (citing *Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994). Pursuant to Federal Rule of Civil Procedure 12(b)(1), the court may dismiss a complaint for lack of subject matter jurisdiction. The determination of a court's jurisdiction over subject matter is a question of law. *Madsen v. United States ex. U.S. Army, Corps of Engineers*, 841 F.2d 1011, 1012 (10th Cir. 1987). "A court lacking jurisdiction cannot render judgment but must dismiss the cause *at any stage* of the

proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.,* 495 F.2d 906, 909 (10th Cir. 1974).

**B.     Fed. R. Civ. P. 12(b)(6)**

Under Rule 12(b)(6) a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a motion under Rule 12(b)(6), the court must "accept as true all well-pleaded factual allegations … and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)). However, a plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008) (citation omitted). "The burden is on the plaintiff to frame 'a complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Id.* The ultimate duty of the court is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

Because Mr. Dawson is appearing *pro se*, the court "review[s] [his] pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States Govt*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). However, a court may not assume that a plaintiff can prove facts that he has not alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *See Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009) ("[Court's] role is not to act as [*pro se* litigant's] advocate"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) ("the court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues") (internal citation omitted). Furthermore, the court may, at any time and of its own accord, dismiss any action that is frivolous or which fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Fed. R. Civ. P. 12(b)(6); *Hall v. Bellmon*, 935 F.2d 1106, 1108-10 (10th Cir. 1991).

## ANALYSIS

### A.   Eleventh Amendment Immunity

Defendant Lloyd is sued in her individual and official capacities. In her official capacity, she is immune from claims for monetary damages and retroactive equitable relief. "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham,* 473 U.S. 159, 166 (1985) (citing *Brandon v. Holt*, 469 U.S. 464, 471–72, (1985)). The Eleventh Amendment bars suits against a state by its own citizens, and generally immunizes state defendants sued in their official capacities from liability for damages or equitable relief. *See Johns v. Stuart*, 57 F.3d 1544, 1552 (10th Cir. 1995). In addition, state employees acting in their official capacities are not "persons" subject to suit under § 1983.

5

*Duncan v. Gunter*, 15 F.3d 989, 991 (10th Cir. 1994). An exception to this general bar is a suit in which a plaintiff seeks to prospectively enjoin a state official from violating federal law. *Johns*, 57 F.3d at 1552. This prospective injunctive relief may take the form of requesting adequate medical treatment in the future. *White v. Kansas Dept. of Corrections*, --- Fed. Appx. ----, 2015 WL 3797727, at *1 n.3 & 2 (10th Cir. June 19, 2015).

Accordingly, Plaintiff cannot pursue a § 1983 claim for damages against Defendant Lloyd sued in her official capacity but may seek prospective injunctive relief as to Defendant Lloyd, should the court find that a constitutional violation has occurred. The court now turns to the question of whether Mr. Dawson has stated a claim against Defendant Lloyd in her individual capacity under the Eighth Amendment.

**B.      Qualified Immunity**

Mr. Dawson also asserts his claim against Defendant Lloyd her individual capacity for violation of his Eighth Amendment rights. The doctrine of qualified immunity "shields government officials performing discretionary functions from individual liability under 42 U.S.C. § 1983 unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known." *DeSpain v. Uphoff*, 264 F.3d 965, 971 (10th Cir. 2001) (quoting *Baptiste v. J.C. Penney Co.*, 147 F.3d 1252, 1255 (10th Cir. 1998) (internal quotation marks omitted). Qualified immunity is an affirmative defense to § 1983 liability (*see Adkins v. Rodriguez*, 59 F.3d 1034, 1036 (10th Cir. 1995)); once a defendant asserts the defense, the plaintiff must demonstrate that qualified immunity is not proper by showing that "(1) the defendant's conduct violated a constitutional right and (2) the law governing the conduct was clearly established at the time of the alleged violation." *DeSpain*, 264 F.3d at 971 (quoting

*Baptiste*, 147 F.3d at 1255). Therefore, the proper inquiry is whether the wrong alleged by Plaintiff, *i.e.*, that he was not properly prepared for a colonoscopy and was thereby, precluded from having one performed on him, is a cognizable constitutional violation under the Eighth Amendment.

Title 42 U.S.C. § 1983 allows an injured person to seek damages for the violation of his or her federal rights against a person acting under color of state law. *See* 42 U.S.C. § 1983; *see also West v. Atkins,* 487 U.S. 42, 48 (1988). "[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan,* 511 U.S. 825, 832 (1994) (citation omitted). The Eighth Amendment prohibits "unnecessary and wanton infliction of pain," including "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble,* 429 U.S. 97, 104 (1976). Prison officials may be liable for an Eighth Amendment violation for "indifference…manifested…in their response to the prisoner's needs or by…intentionally denying or delaying access to medical care or intentionally interfering with treatment once prescribed." *Estate of Booker v. Gomez*, 745 F.3d 405, 429 (10th Cir. 2014).

"The test for constitutional liability of prison officials involves both an objective and a subjective component." *Mata v. Saiz,* 427 F.3d 745, 751 (10th Cir. 2005) (internal quotations and citation omitted). First, the prisoner must "produce objective evidence that the deprivation at issue was in fact 'sufficiently serious.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). "[A] medical need is sufficiently serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Mata*, 427 F.3d at 751 (holding that even a

physician's grossly negligent medical judgment is not subject to scrutiny if the prisoner's need for medical treatment was not obvious) (internal quotations and citation omitted).  Furthermore, a delay in medical care "only constitutes an Eighth Amendment violation where the plaintiff can show the delay resulted in substantial harm." *Oxendine v. Kaplan,* 241 F.3d 1272, 1276 (10th Cir. 2001) (quotations and citation omitted).  The substantial harm requirement "may be satisfied by lifelong handicap, permanent loss, or considerable pain."  *Garrett v. Stratman,* 254 F.3d 946, 950 (10th Cir. 2001) (citation omitted).

Second, under the subjective component, the prisoner must establish deliberate indifference to his serious medical needs by "present[ing] evidence of the prison official's culpable state of mind."  *Mata*, 427 F.3d at 751.  "Deliberate indifference to serious medical needs of prisoners constitutes unnecessary and wanton infliction of pain."  *Estelle*, 429 U.S. at 104 (internal quotation and citation omitted).  The Tenth Circuit recognizes two types of conduct constituting deliberate indifference.  The first occurs when a medical professional fails to properly treat a serious medical condition; the second occurs when a prison official prevents an inmate from receiving treatment or denies him access to medical personnel capable of providing treatment.  *See Sealock v. Colorado*, 218 F.3d 1205, 1211 (10th Cir. 2000) (internal citations omitted).  A prison health official who serves "'solely…as a gatekeeper for other medical personnel capable of treating the condition' may be held liable under the deliberate indifference standard if she 'delays or refuses to fulfill the gatekeeper role.'"  *Mata*, 427 F.3d at 751 (quoting *Sealock*, 218 F.3d at 1211.  The subjective standard requires a state of mind "akin to recklessness in the criminal law, where, to act recklessly, a person must consciously disregard a substantial risk of serious harm."  *Self v. Crum*, 439 F.3d 1227, 1231 (10th Cir. 2006) (quoting *Farmer*, 511

U.S. at 837) (internal quotations and further citation omitted). "'[A]n inadvertent failure to provide adequate medical care' does not rise to a constitutional violation." *Martinez v. Beggs,* 563 F.3d 1082, 1088 (10th Cir. 2009) (quoting *Estelle,* 429 U.S. at 105–06). "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence." *Self*, 439 F.3d at 1231 (internal quotations omitted).

Applying these principles, the court concludes that Mr. Dawson has not adequately pled an Eighth Amendment violation because he has not pled facts to support deliberate indifference. Plaintiff alleges that Defendant Lloyd postponed his colonoscopy by one week, the private physician was unable to perform the procedure because Plaintiff had not been properly prepared by Nurses Lloyd and Oliveras, and a follow-up colonoscopy had not been scheduled at the time Plaintiff filed the Complaint. A colonoscopy performed five years earlier had discovered polyps on Plaintiff's colon, he had blood in his stool, and his father had died of colon cancer. Plaintiff also alleges that the blood in his stool is "always preceded by excruciating abdominal pain that pulsates," and describes "severe abdominal pain and bleeding" in his Response. [#1 at 7; #46 at 3]. A plaintiff may show a sufficiently serious deprivation, thereby satisfying his pleading burden, by alleging that a delay in medical care resulted in substantial harm such as considerable pain. *See Garrett,* 254 F.3d at 950. Viewing the allegations in the light most favorable to Mr. Dawson, I find that by alleging he suffered "excruciating abdominal pain that pulsates" [#1 at 7] that did not subside while he waited on a procedure was sufficient to satisfy his pleading burden for the first, objective, prong of an Eighth Amendment violation.

As to the second prong, Mr. Dawson acknowledges in his Response that "[d]eliberate indifference occurs when prison officials prevent an inmate from receiving treatment or denying [sic] him access to medical personnel capable of evaluating the need for treatment. [#46 at 2-3]. Yet, Plaintiff does not allege that Defendant Lloyd prevented him from undergoing the colonoscopy; nor does he allege that Defendant has the authority to schedule or perform a colonoscopy. Rather, Defendant rescheduled the colonoscopy for the following week after she learned on the night of December 31, 2013, that Plaintiff had not been prepared for the procedure. At the end of that week, Defendant Lloyd attempted to prepare Plaintiff for the colonoscopy, and the allegations demonstrate that Defendant believed one half of a gallon of liquid laxative would suffice to prepare Plaintiff for the exam. Accordingly, Defendant did not intentionally interfere with Plaintiff receiving a colonoscopy. At worst, Defendant acted negligently in not considering Plaintiff's comment that he had ingested a full gallon of liquid laxative prior to his colonoscopy five years earlier. Negligence does not support an Eighth Amendment violation, however; and the allegations do not demonstrate that Defendant disregarded a substantial risk of serious harm when she provided only one half of a gallon.[2] Indeed, Plaintiff does not allege that his condition has worsened while waiting for FCF to schedule another colonoscopy (nor, understandably, does he allege that the colonoscopy itself would have mitigated the pain); he simply alleges that the original pain persists. Finally, Defendant argues CDOC provider Roy Havens, PA requested a colonoscopy consult for Plaintiff

---

[2] Plaintiff states in his Response that the court determined in its "initial screening of his Complaint" that Plaintiff had stated a claim for relief as to Defendants Lloyd and Oliveras. [#46 at 1]. Plaintiff misunderstands the July 23, 2014 Order, which stated that his claims as to these Defendants "do not appear to be appropriate for summary dismissal." [#5 at 3].

10

on January 29, 2015, to be held April 28, 2015 [#48-1], thereby rendering moot Plaintiff's request for prospective injunctive relief.[3]

## C.   Damages

In light of my findings that Plaintiff has not stated an Eighth Amendment violation, and is entitled to Qualified Immunity, Mr. Dawson's demand for compensatory and punitive damages as to this claim must also fail.[4]

## CONCLUSION

For the foregoing reasons, this court RECOMMENDS that Defendant Lloyd's Motion to Dismiss [#40] be GRANTED, and that the Complaint be DISMISSED as to Defendant Lloyd.[5]

---

[3] In evaluating the sufficiency of a complaint, the court may consider documents referred to in the complaint "if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Smith v. United States,* 561 F.3d 1090, 1098 (10th Cir. 2009). This court need not grapple with the authenticity of Defendant's copy of Mr. Havens' request for a consult, having already determined that Plaintiff does not state an Eighth Amendment violation.

[4] If the court were to reach the issues of damages, Plaintiff's demand for compensatory damages fails because he does not allege any physical injury resulted from the postponement of his colonoscopy. 42 U.S.C. § 1997(e). Plaintiff's request for punitive damages is equally unavailing, as his Complaint does not identify sufficient facts to support the conclusion that Defendant Lloyd acted with evil motive or intent or with reckless or callous indifference. *Smith v. Wade*, 461 U.S. 30, 56 (1983). While Mr. Dawson allegedly told Defendant Lloyd that his prior colonoscopy required additional laxatives, he does not allege facts that expressly state, or otherwise allow the court to infer, that Defendant Lloyd knew that the amount of pre-colonoscopy medication was insufficient or that Defendant Lloyd had any particular animus toward him.

[5] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make

DATED: July 10, 2015                           BY THE COURT:

                                               s/Nina Y. Wang_____
                                               United States Magistrate Judge

---

timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).