**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger**

**Civil Action No. 14-cv-01920-MSK-NYW**

**JAMES RALPH DAWSON, JR.,**

    **Plaintiff,**

**v.**

**MEREDITH LLOYD, and
ELOISE OLIVERAS,**

    **Defendants.**[1]

_____

**OPINION AND ORDER OVERRULING OBJECTIONS AND GRANTING MOTIONS TO DISMISS**
_____

**THIS MATTER** comes before the Court pursuant to Mr. Dawson's Objections **(# 57)** to the Magistrate Judge's July 10, 2015 Recommendation **(# 52)** that Defendant Lloyd's Motion to Dismiss **(# 40)** be granted, and Ms. Lloyd's response **(# 59)**; Defendant Oliveras's Motion to Dismiss **(# 53)**, to which no response has been filed; and Ms. Lloyd's second Motion to Dismiss **(# 58)**, Mr. Dawson's response **(# 60, 62)**, and Ms. Lloyd's reply **(# 61)**.[2]

**FACTS**

Mr. Dawson is an inmate in the custody of the Colorado Department of Corrections ("CDOC"). On December 31, 2013, Mr. Dawson was notified by the medical staff at his facility

---

[1] This case was previously captioned "James Ralph Dawson, Jr. v. Two Unknown Nurses." Since that time, the Defendants have been identified and by this Order, the Court amends the caption to reflect their actual names.

[2] The latter two motions were recently referred to the Magistrate Judge for a recommendation. That referral was in error and is hereby withdrawn.

1

that he would be transferred to a hospital to undergo a colonoscopy the following day. Mr. Dawson informed the staff that he had not been "prepared" for that procedure (*i.e.* by restricting his diet several days in advance and by taking laxatives sufficiently in advance of the procedure). Mr. Dawson also notified the staff that he had a family history of colon cancer, that he had had polyps removed from his colon during a colonoscopy five years earlier, and that he was presently experiencing blood in his stool. (Later in the Complaint, Mr. Dawson notes that "blood being found in [his] stool is always preceded by excruciating abdominal pain that pulses.") Medical staff the rescheduled the procedure for January 7, 2014.

On January 6, 2014, Mr. Dawson reported to the medical staff to prepare for the rescheduled procedure. Both Ms. Lloyd (previously identified as "Unknown Nurse 1") and Ms. Oliveras (previously identified as "Unknown Nurse 2") were present. Ms. Lloyd gave Mr. Dawson a half-gallon of liquid laxative to drink and Ms. Oliveras gave him four laxative pills. Mr. Dawson informed them that, based on his previous experience with a colonoscopy, he would need a full gallon of the liquid and six laxative pills to effectively prepare. The nurses declined his request.

Mr. Dawson underwent the colonoscopy the following day, but doctors were unable to complete it due to Mr. Dawson not having had enough laxative to "clean [himself] out." They informed Mr. Dawson that the procedure would have to be rescheduled.

Mr. Dawson then commenced the instant action under 42 U.S.C. § 1983, alleging that the Defendants had manifested deliberate indifference to his medical needs in violation of the Eighth Amendment to the U.S. Constitution. He requests, as relief, "an order to the Defendants to perform a colonoscopy on him or adequate examination of his colon for cancer-causing polyps," as well as compensatory and punitive damages.

Ms. Lloyd filed a Motion to Dismiss **(# 40)** the claims against her.  (Ms. Oliveras filed an Answer **(# 32)** to the Complaint.)  Among other arguments, Ms. Lloyd argued that Mr. Dawson failed to allege a physical injury, as required by 42 U.S.C. § 1997e(a) and that he failed to state a claim for deliberate indifference.  The Court referred Ms. Lloyd's motion to the Magistrate Judge for a Recommendation.

On July 10, 2015, the Magistrate Judge recommended **(# 52)** that Ms. Lloyd's motion be granted.  Specifically, the Magistrate Judge found that Mr. Dawson may have adequately alleged a sufficiently serious medical need (namely, blood in his stool and accompanying severe abdominal pain), but that he had failed to allege facts demonstrating that Ms. Lloyd was deliberately indifferent to that need; rather, Mr. Dawson at best alleged that Ms. Lloyd was negligent in failing to provide sufficient quantities of laxative.  Mr. Dawson filed timely Objections **(# 57)** to the Recommendation.

In the interim, Ms. Oliveras filed her own Motion to Dismiss **(# 53)**, effectively incorporating the reasoning found in the Magistrate Judge's Recommendation on Ms. Lloyd's motion.

Thereafter, Ms. Lloyd filed another Motion to Dismiss **(# 58)**, this time arguing that Mr. Dawson lacks standing to pursue his claims, insofar as he has now been provided with a colonoscopy (rendering moot his request for injunctive relief) and because his claim for damages fails for the reasons set forth in Ms. Lloyd's initial Motion to Dismiss.

## ANALYSIS

### A. Standard of review

As to the Recommendation, the Court reviews the objected-to portions of the matter *de novo* pursuant to Fed. R. Civ. P. 72(b).

When reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all well-plead allegations in the Complaint as true and view those allegations in the light most favorable to the nonmoving party. *Stidham v. Peace Officer Standards and Training*, 265 F.3d 1144, 1149 (10th Cir. 2001), *quoting Sutton v. Utah State Sch. For the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). The Court must limit its consideration to the four corners of the Amended Complaint, any documents attached thereto, and any external documents that are referenced in the Amended Complaint and whose accuracy is not in dispute. *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001); *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002); *Dean Witter Reynolds, Inc. v. Howsam*, 261 F.3d 956, 961 (10th Cir. 2001).

A claim is subject to dismissal if it fails to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To make such an assessment, the Court first discards those averments in the Complaint that are merely legal conclusions or "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 1949-50. The Court takes the remaining, well-pled factual contentions, treats them as true, and ascertains whether those facts (coupled, of course, with the law establishing the requisite elements of the claim) support a claim that is "plausible" or whether the claim being asserted is merely "conceivable" or "possible" under the facts alleged. *Id.* at 1950-51. What is required to reach the level of "plausibility" varies from context to context, but generally, allegations that are "so general that they encompass a wide swath of conduct, much of it innocent," will not be sufficient. *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

The Court is mindful of Mr. Dawson's *pro se* status and has accordingly construed his pleadings liberally. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972).

**B. Merits**

The Court cannot significantly improve on the analysis set forth by the Magistrate Judge. To summarize, an Eighth Amendment claim requires an inmate to plead facts showing: (i) that he had a serious medical need that obviously warranted medical treatment; and (ii) that the defendant subjectively recognized the need for such medical treatment but deliberately chose not to provide it. *See Castillo v. Day*, 790 F.3d 1013, 1021 (10th Cir. 2015). The fact that a medical provider may have been negligent in deciding what degree of care to provide is insufficient to state a claim; deliberate indifference arises only when the defendant effectively elects not to provide any meaningful care whatsoever. *Id.* The mere fact that an inmate may have requested certain treatment or disagrees with a medical provider's decision about the appropriateness of a given treatment is also insufficient to support a claim. *Garewal v. Sliz*, ___ Fed.Appx. ___, 2015 WL 3372154 (10th Cir. May 26, 2015), *citing Perkins v. Kansas Dept. of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999).

Under these standards, the Complaint fails to state a claim. Assuming, as the Magistrate Judge did, that the blood in Mr. Dawson's stool and his apparent reports of abdominal pain (or, arguably, the fact that he had already been diagnosed as needing a colonoscopy) constituted an objectively-serious medical need, the facts alleged in the Complaint make clear that both Ms. Lloyd and Ms. Oliveras acknowledged that medical need and provided Mr. Dawson with the level of treatment that they believed was sufficient to meet it. (Or, at least, Mr. Dawson has not articulated any facts that would suggest that Ms. Lloyd or Ms. Oliveras subjectively believed they were giving inadequate amounts of laxative to Mr. Dawson, but chose to do so anyway in order to prolong his discomfort or delay his procedure.) The fact that they may have been mistaken, negligent, or that they ignored Mr. Dawson's opinion as to the appropriate level of

treatment, are all irrelevant. Because they provided what they apparently subjectively believed was adequate treatment, Mr. Dawson fails to state an Eighth Amendment claim.

Mr. Dawson's filings – his Objections to the Recommendation and his response to Ms. Oliveras' motion – do not alter this conclusion. Mr. Dawson argues in his Objections that he believes the prison medical staff had a "protocol" that Ms. Lloyd and Ms. Oliveras should have, but did not, follow in deciding how much laxative to deliver. Notably, the Complaint does not mention such a "protocol," nor do Mr. Dawson's Objections elaborate on what this "protocol" was or what it required Ms. Lloyd and Ms. Oliveras to do. Even assuming that a prison protocol existed and dictated how Ms. Lloyd or Ms. Oliveras should have proceeded in this instance, their failure to follow that protocol is itself nothing more than negligence, such that an Eighth Amendment claim would not lie. *See e.g. Sparks v. Rittenhouse*, 314 Fed.Appx. 104, 109 (10th Cir. 2008) ("Even if Ms. Rittenhouse was incorrect in her belief about her authority to file an appeal, her failure to correctly interpret the procedures does not reach the level required to make out a claim of deliberate indifference").

Accordingly, the Court adopts the Recommendation, granting both Ms. Lloyd and Ms. Oliveras' motions to dismiss for failure to state a claim. The Court need not reach Ms. Lloyd's second motion to dismiss. The Court declines to offer the opportunity for Mr. Dawson to further amend the Complaint because he has indicated no facts that he can allege that would establish that the Defendants actions were anything more than negligent.

## CONCLUSION

For the foregoing reasons, Mr. Dawson's Objections **(# 57)** are **OVERRULED**. The Court **ADOPTS** the Recommendation **(# 52)** and **GRANTS** Ms. Lloyd's Motion to Dismiss **(# 40)**. The Court withdraws the reference of and **GRANTS** Ms. Oliveras' Motion to Dismiss

**(# 53)** for the same reasons. All claims against Ms. Lloyd and Ms. Oliveras are **DISMISSED**. There being no remaining claims, the Clerk of the Court shall close this case. The Court withdraws Ms. Lloyd's second Motion to Dismiss **(# 58).** It is **DENIED AS MOOT**.

Dated this 2nd day of September, 2015.

**BY THE COURT:**

_Marcia S. Krieger_
Marcia S. Krieger
Chief United States District Judge